**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EXACT INVESTMENTS LLC,

                          Plaintiff,                              **REPORT AND**
                                                                           **RECOMMENDATION**
                     -against-                                       CV 17-6109 (DRH) (ARL)

PAUL VESNAVERBOTH INDIVIDUALLY
AND AS AN ATTORNEY/PRINCIPAL IN
THE LAW FIRM OF PAUL VESNAVER PC,

                          Defendants.
-----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with regard to Exact Investments LLC's ("Plaintiff") motion for entry of default judgment.  For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be denied without prejudice.

      On October 19, 2017, Plaintiff brought this action for breach of fiduciary duty, fraud and conversion against Paul Vesnaver, and the Law Firm of Paul Vesnaver, PC. (collectively "Defendants").  After Defendants failed to appear in the action, Plaintiff requested a certificate of default on December 19, 2019, which request was granted on December 23, 2019.  Thereafter, on July 20, 2020, Judge Hurley directed that "[t]here has been no activity in this matter since the Clerk issued a notation of default over 6 months ago. Plaintiff is directed to file a status report or motion for default judgment on or before August 21, 2020."  Plaintiff failed to respond and on August 28, 2020, Judge Hurley ordered that "[n]either a status report nor a motion for default judgment has been filed. Accordingly, IT IS HEREBY ORDERED THAT PLAINTIFF SHOW CAUSE, in writing filed on or before September 8, 2020, why this action should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P 41 plaintiff filed a motion for a

default judgment." On September 14, 2020, Plaintiff filed the instant motion for entry of a default judgment. In support, Plaintiff submitted a notice of motion, an affirmation of counsel in support of motion for default judgment, an affidavit of merit, and a declaration of military service. Plaintiff failed to provide a memorandum of law or any support for its claim of damages or attorney's fees.

Local Rule 7.1 provides, that "[e]xcept as otherwise permitted by the court, all motions shall include the following motion papers: . . . a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Courts in this circuit have held that a moving party's failure to attach a memorandum of law and other supporting documents in accordance with Local Rule 7.1 is sufficient grounds to deny a motion. *See Avillan v. Donahoe*, No. 13 CV 509, 2015 U.S. Dist. LEXIS 20050, 2015 WL 728169, at *6 (S.D.N.Y. Feb. 19, 2015) (citing *Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co.*, No. 98 CV 5045, 2000 U.S. Dist. LEXIS 9554, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000) (holding that the "failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion. It is not necessary to reach the merits"); *Persaud v. Forest Recovery Servs., LLC,* 15 CV 5808 (RJD) (CLP), 2016 U.S. Dist. LEXIS 110370 (E.D.N.Y. Aug. 17, 2016); *United States v. Int'l Bhd of Teamsters*, 870 F. Supp. 557, 559 (S.D.N.Y. 1994).

Based on Plaintiff's failure to provide a memorandum of law or sufficient documentation in support of the motion for default judgment, including support for the request for attorney's fees and costs, the Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice to refiling with the appropriate documentation.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        July 12, 2021                                    _____/s/_____
                                                         ARLENE R. LINDSAY
                                                         United States Magistrate Judge