UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EXACT INVESTMENTS LLC,

                        Plaintiff,                    **REPORT AND RECOMMENDATION**

              -against-                          CV 17-6109 (DRH) (ARL)

PAUL VESNAVERBOTH INDIVIDUALLY
AND AS AN ATTORNEY/PRINCIPAL IN
THE LAW FIRM OF PAUL VESNAVER PC,

                      Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

    This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with regard to Exact Investments LLC's ("Plaintiff") motion for entry of default judgment. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be denied.

BACKGROUND

    **I.**     **Factual Background**

    Plaintiff, Exact Investments LLC, is a limited liability company formed and organized pursuant to the laws of the State of Kansas, with its principal offices being located in Lenexa Kansas. Compl. ¶ 2. Defendant, Paul Vesnaver in his individual capacity, is a resident of the State of New York, and Defendant, the Law Offices of Paul Vesnaver, is an attorney admitted to practice law in the state of New York. *Id*. at ¶ 3.

    Plaintiff alleges that in February of 2014, it was solicited to enter into an investment agreement with Catherina Schlosser and Rubix Wealth Management, a company formed and organized under the laws of Sweden with its principal place of business being located at Calle Rosa 100, 29680 Estepona, Malaga, Spain. *Id*. at ¶ 9. According to Plaintiff, pursuant to the

terms of the agreement, Plaintiff was to place funds into a trust account of Attorney Vesnever which were to be held in escrow for the benefit of Plaintiff, with control of the funds being vested at all times in the Plaintiff and with the funds being protected from depletion. *Id*. at ¶ 10. Plaintiff further alleges that pursuant to the terms of the agreement, the funds held in Attorney Vesnaver's trust account were to be used as collateral for a trade program in which the parties were to receive a monthly profit of 7% per month from the use of said funds. *Id*. at ¶ 11. A copy of the purported agreement is not attached to the Complaint, nor has it been submitted to the Court in connection with Plaintiff's motion for default judgment.

Plaintiff alleges that after depositing $250,000.00 in the trust account he received a monthly profit of 7% per month for three consecutive months. *Id*. at ¶ 12. After receiving this these interest payments, Plaintiff states it was enticed to invest additional sums and that it deposited an additional $1,015,000 into the trust account when offered the opportunity to place additional funds in a "bullet program", with the understanding that the funds were to be held in Defendant's trust account. Those funds additional funds were wired in March 2014 in the amount of $125,000.00; between February 2014 and July 2014 a total of $1,465,000.00 was wired into the accounts of Defendant Vesnaver. *Id*. at ¶¶13, 14. Plaintiff alleges that he placed these amounts with the Defendant and received verification that the funds were placed in six separate trust accounts, which were to be held by Defendant and not depleted in any way and to be under the control of Plaintiff and for the benefit of Plaintiff. *Id*. at ¶ 15. According to Plaintiff, his decision to enter into these transactions was based upon the reputation of the Defendant as an attorney in good standing and Defendant's agreement to hold the funds safely within his control. *Id*. at ¶ 16. Once again, Plaintiff has not attached the verification to the Complaint, nor has he submitted it to the Court in support of his motion for default judgment.

Plaintiff alleges that immediately after investing the additional funds the profit payments ceased to be paid and that Plaintiff was "told that the funds remained safely in the Defendant's trust account." *Id*. at ¶ 17. Plaintiff does not allege who made this representation. Plaintiff further contends that both Catherina Schlosser and the Defendant represented to the Plaintiff that there was a problem with the transaction but that they had resolved the issue and that profits were to be paid. *Id*. at ¶ 16. According to Plaintiff, "[a]t all times since July 2014 and November of 2015 Ms. Sclosser and Defendant Paul Vesnaver represented that profits were due and accruing." *Id*. at ¶ 18. Plaintiff states that up until September 2016 he communicated with Defendant as well as Catherina Schlosser and Rubix Wealth Management on a regular basis and has received status updates both by telephone and via email messages. *Id*. at ¶ 20, 21. According to Plaintiff, all communications with Defendant were on business letterhead and from his office. *Id*. at ¶ 28. No emails or other communications have been attached to the Complaint or submitted in support of the motion for default judgment. The funds were never returned by Catherina Schlosser, Rubix Wealth Management or Defendant. *Id*. at ¶ 25.

## II.     Procedural Background

On October 19, 2017, Plaintiff brought this action for breach of fiduciary duty and fraud against Paul Vesnaver, and the Law Firm of Paul Vesnaver, PC. (collectively "Defendants"). After Defendants failed to appear in the action, Plaintiff requested a certificate of default on December 19, 2019, which request was granted on December 23, 2019. Thereafter, on July 20, 2020, Judge Hurley directed that "[t]here has been no activity in this matter since the Clerk issued a notation of default over 6 months ago. Plaintiff is directed to file a status report or motion for default judgment on or before August 21, 2020." Plaintiff failed to respond and on August 28, 2020, Judge Hurley ordered that "[n]either a status report nor a motion for default

judgment has been filed. Accordingly, IT IS HEREBY ORDERED THAT PLAINTIFF SHOW CAUSE, in writing filed on or before September 8, 2020, why this action should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P 41 plaintiff filed a motion for a default judgment." On September 14, 2020, Plaintiff filed a motion for entry of a default judgment. In support, Plaintiff submitted a notice of motion, an affirmation of counsel in support of motion for default judgment, an affidavit of merit, and a declaration of military service. Plaintiff failed to provide a memorandum of law or any support for its claim of damages or attorney's fees. Judge Hurley referred the motion for default judgment to the undersigned on September 15, 2020. On July 12, 2021, the undersigned recommended that Plaintiff's motion for default judgment be denied because of Plaintiff's failure to provide a memorandum of law or sufficient documentation in support of the motion for default judgment, including support for the request for attorney's fees and costs. Judge Hurley adopted this Court's Report and Recommendation on September 21, 2021. Plaintiff filed the instant motion on November 5, 2021, ECF No. 27, which was also referred to the undersigned by Judge Hurley.

DISCUSSION

**I.    Legal Standard Governing Default Judgments**

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's

4

complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).

In addition, in the context of a motion for default judgment, conclusory allegations cannot establish that the defaulting party is liable as a matter of law.  *See E.A. Sween Co., Inc. v. A&M Deli Express Inc*., 787 F. App'x 780, 782 (2d Cir. 2019) (summary order) ("A defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions.").  "Conclusory allegations based on information and belief" are generally insufficient to support a finding of default-based liability.  *J&J Sports Prods., Inc. v. Daley*, No. 06-CV-0238, 2007 U.S. Dist. LEXIS 49839, 2007 WL 7135707, at *3-4 (E.D.N.Y. Feb. 15, 2007).  However, allegations on information and belief may be sufficient to hold a defendant individually liable on a default judgment where such allegations state facts primarily within the defendant's knowledge.  *See Joe Hand Promotions, Inc. v. Blais*, No. 11 Civ. 1214, 2013 U.S. Dist. LEXIS 142427, 2013 WL 5447391, at *3 (E.D.N.Y. Sept. 10, 2013) (deeming admitted allegations pled on information and belief in default judgment context) (*citing Fong v. United States,* 300 F.2d 400, 409 (9th Cir. 1962) (finding allegations on information and belief sufficient to hold defendant individually liable on default judgment because they stated facts primarily within defendant's knowledge)); *see also Sexy Hair Concepts, LLC v. Sexy Hair Inc*., No. 12 Civ. 3937, 2013 U.S. Dist. LEXIS 142361, 2013 WL 5460629, at *4 (E.D.N.Y. Sept. 30, 2013)

5

(deeming admitted allegation on information and belief that defendant owned corporate entity and directed and controlled the activity of the business in default judgment context).

A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). With respect to damages, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

## II.  Liability

Accepting the allegations in the Complaint as true, this Court is unable to recommend that default judgment be entered on Plaintiff's claims for breach of fiduciary duty and fraud.

With respect to Plaintiff's claim for breach of fiduciary duty, to establish a claim for breach of fiduciary duty under New York law, "a plaintiff must prove (1) the existence of a fiduciary relationship; (2) misconduct by defendant constituting a breach of its fiduciary duty to plaintiff; and (3) damages to plaintiff directly caused by defendant's conduct." *Soley v. Wasserman,* 823 F. Supp. 2d 221, 232 (S.D.N.Y. 2011) (citation and internal quotation marks omitted); *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 351 F. Supp. 2d 79, 102 (S.D.N.Y. Aug. 10, 2004) ("A fiduciary duty arises under New York law wherever 'one person is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation.'") (quoting *Flickinger v. Harold Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991)). "Generally, no fiduciary duties arise where parties deal at arm's length in conventional business transactions." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* 446 F. Supp. 2d 163, 195 (S.D.N.Y. 2006). Plaintiff here has failed to

6

demonstrate the existence of a fiduciary relationship as opposed to an arm's length commercial transaction.

While fiduciary duties may be created with the formation of an attorney-client relationship, *Andy Warhol Found. for Visual Arts, Inc. v. Hayes (In re Hayes),* 183 F.3d 162, 168 (2d Cir. 1999) (applying New York law), Plaintiff has failed to convince the Court that an attorney client relationship existed. Although a formal written contract is not necessary, the existence of such a relationship depends upon whether there is contractual privity and a legally binding contract. *C.K. Indus. Corp. v. C.M. Indus. Corp.*, 213 A.D.2d 846, 623 N.Y.S.2d 410, 411 (3d Dep't 1995); *see also Priest v. Hennessy*, 51 N.Y.2d 62, 409 N.E.2d 983, 986, 431 N.Y.S.2d 511 (N.Y. 1980). The existence of an attorney-client relationship depends on a variety of factors, including:

> 1) whether a fee arrangement was entered into or a fee paid; 2) whether a written contract or retainer agreement exists indicating that the attorney accepted representation; 3) whether there was an informal relationship whereby the attorney performed legal services gratuitously; 4) whether the attorney actually represented the individual in an aspect of the matter (e.g., at a deposition); 5) whether the attorney excluded the individual from some aspect of a litigation in order to protect another (or a) client's interest; 6) whether the purported client believed that the attorney was representing him and whether this belief was reasonable.

*M.J. Woods, Inc. v. Conopco, Inc.*, 271 F. Supp. 2d 576, 585 (S.D.N.Y. 2003) (citation omitted) (applying New York law). "In determining the existence of an attorney-client relationship, a court must look to the actions of the parties to ascertain the existence of such a relationship. The unilateral belief of a plaintiff alone does not confer upon him or her the status of a client. Rather, an attorney-client relationship is established where there is an explicit undertaking to perform a specific task." *Wei Cheng Chang v. Pi*, 288 A.D.2d 378, 733 N.Y.S.2d 471, 473 (2d Dep't 2001) (internal citation omitted). Here, Plaintiff has done nothing more than state he believed an

7

attorney-client relationship existed because he deposited money into an escrow account with Defendant.

The deposit of funds into an attorney's escrow or trust account is not sufficient to establish an attorney-client relationship. *See Lucas v. Lalime*, 998 F. Supp. 263, 268 (W.D.N.Y. 1998) ("Mere deposit of funds into an attorney's escrow or trust account is not sufficient to establish the requisite attorney-client relationship"); *Solondz v. Barash*, 225 A.D.2d 996, 639 N.Y.S.2d 561, 563-64 (N.Y. App. Div. 1996). Indeed, where an attorney holds money in a trust account the attorney act as an agent and functions in an entirely non-legal capacity. *See, e.g., Copalcor Mfg. (PTY) Ltd. v. Meteor Indus. Inc.,* No. 87 Civ. 1612, 1988 WL 52194, at *2 (E.D.N.Y. May 16, 1988) (finding that attorneys acting as escrow agents are functioning outside their professional capacity). "It is true that an attorney-client relationship may arise by words and actions of the parties; however, one party's unilateral beliefs and actions do not confer upon him or her the status of client" or charge an attorney with the duty to provide legal counsel. *Solondz*, 639 N.Y.S.2d at 564.

Next, the Court turns to Plaintiff's claim of fraud, which is governed by the pleading requirements of Rule 9(b), even on default. *See CAMOFI Master LDC v. Riptide Worldwide, Inc.,* 10 Civ. 4020 (CM)(JLC), 2012 U.S. Dist. LEXIS 178383, at * 38, 2012 WL 6766767 (S.D.N.Y. Dec. 17, 2012). To state a claim for common law fraud, a plaintiff must show:

> (1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss.

*Ross v. Louise Wise Servs.*, 8 N.Y.3d 478, 488, 868 N.E.2d 189, 836 N.Y.S.2d 509 (2007) (citation and internal punctuation and quotation marks omitted). Rule 9(b) requires a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker,

8

(3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).

Here, Plaintiff alleges that "[a]t all times since July 2014 and November of 2015 Ms. Sclosser and Defendant Paul Vesnaver represented that profits were due and accruing." *Id*. at ¶ 18. Additionally, Plaintiff states that up until September 2016 he communicated with Defendant as well as Catherina Schlosser and Rubix Wealth Management on a regular basis and has received status updates both by telephone and via email messages. *Id*. at ¶ 20, 21. Nowhere, does Plaintiff identify where and when any particular statement was made and by whom. These allegations are insufficient to satisfy the pleading requirements of Rule 9(b). *See, e.g., ILKB, LLC v. Singh,* 20-CV-4201 (ARR) (SJB), 2021 U.S. Dist. LEXIS 152181, 2021 WL 3565719, at *6 (E.D.N.Y. Aug. 12, 2021) ("A 'vague four-month period of time is insufficient to satisfy the pleading standards of Rule 9(b)'") (quoting *Alnwick v. Eur. Micro Holdings, Inc*., 281 F. Supp. 2d 629, 641 (E.D.N.Y. 2003); *Skylon Corp. v. Guilford Mills, Inc*., No. 93-CV-5581 (LAP), 1997 U.S. Dist. LEXIS 2104, 1997 WL 88894, at *2 (S.D.N.Y. Mar. 3, 1997) ("Although plaintiff outlines a four-month window during which all of the misrepresentations occurred, this does not satisfy the pleading standard of Rule 9(b)."); *Sendar Co. v. Megaware Inc*., 705 F. Supp. 159, 161 (S.D.N.Y. 1989) ("The allegations fail to specify the date on which fraudulent statements were made, merely alleging that statements were made some time during a two month period.").

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for default judgment be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        July 18, 2022

                                            _____/s/_____
                                            ARLENE R. LINDSAY
                                            United States Magistrate Judge