UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EXACT INVESTMENTS LLC,

                              Plaintiff,             **REPORT AND**
                                                            **RECOMMENDATION**
                     -against-           CV 17-6109 (GRB) (ARL)

PAUL VESNAVER BOTH INDIVIDUALLY
AND AS AN ATTORNEY/PRINCIPAL IN
THE LAW FIRM OF PAUL VESNAVER PC,

                              Defendants.
----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       This matter has been referred to the undersigned by District Judge Brown for the purpose of issuing a report and recommendation with regard to Exact Investments LLC's ("Plaintiff") motion for entry of default judgment. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be denied ==with prejudice==.

       I. **Background**

       For a detailed discussion of the factual background as set forth by Plaintiffs in the complaint please refer to this Court's report and recommendation dated July 18, 2022.

       In summary, on October 19, 2017, Plaintiff brought this action for breach of fiduciary duty and fraud against Paul Vesnaver, and the Law Firm of Paul Vesnaver, PC. (collectively "Defendants"). After Defendants failed to appear in the action, Plaintiff requested a certificate of default on December 19, 2019, which request was granted on December 23, 2019. Following several warnings from Judge Hurley, on September 14, 2020, Plaintiff filed a motion for entry of a default judgment. Plaintiff's motion was procedurally deficient and by report and recommendation dated July 12, 2021, the undersigned recommended that Plaintiff's motion for

default judgment be denied without prejudice because of Plaintiff's failure to provide a memorandum of law or sufficient documentation in support of the motion for default judgment, including support for the request for attorney's fees and costs. Judge Hurley adopted this Court's Report and Recommendation on September 21, 2021.

Plaintiff filed a second motion for default judgment on November 5, 2021, ECF No. 27, which was also referred to the undersigned by Judge Hurley. By report and recommendation dated July 18, 2022, the undersigned recommended that Plaintiffs' motion for default judgment be denied because Plaintiffs had failed to allege facts supporting their claims for breach of fiduciary duty and fraud ("July Report"). Judge Brown adopted the report and recommendation on August 6, 2022. In addition, Judge Brown dismissed the complaint noting that "[t]he complaint is subject to dismissal because the citizenship of the members of the plaintiff LLC are not alleged, raising possible diversity issues." August 6, 2022 Order. Plaintiff was directed to file an amended complaint within 14 days. On August 20, 2022, Plaintiffs filed an Amended Complaint once again asserting claims for breach of fiduciary duty and fraud and adding claims for unjust enrichment, conversion and breach of the escrow agreement. ECF No. 32. On December 8, 2022, Plaintiffs filed a Third Motion for Default Judgment. Judge Brown referred the motion for default judgment to the undersigned on December 8, 2022.

## DISCUSSION

"Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims." *Centra Developers Ltd. v. Jewish Press Inc.*, No. 16 CV 6737 (WFK)(LB), 2018 U.S. Dist. LEXIS 27974, 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018) (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010); and *Wynn v. AC Rochester,* 273 F.3d 153, 157 (2d Cir. 2001)), report & recommendation

adopted, 2018 U.S. Dist. LEXIS 48490, 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018).  A district court's subject matter jurisdiction is limited to the grounds set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, jurisdiction arises where a "federal question" is presented, 28 U.S.C. § 1331, or where the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332.

Here, Plaintiff alleges that "Plaintiff brings this Complaint under federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the Plaintiff, a Missouri Limited Liability Company, and Defendants, an individual attorney residing in New York and his respective Professional Corporation formed under the laws of New York." Amended Complaint ¶ 5.  "Diversity jurisdiction under 28 U.S.C. § 1332 is proper 'only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217-18 (2d Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998)). Diversity is measured as of the time the action is commenced. *Id*.  "Plaintiffs bear the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. [J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quotation marks and citations omitted; alteration in original).

"For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members." *Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000).  "Thus, to invoke this Court's diversity jurisdiction, plaintiff's complaint must allege the citizenship of each member of the limited liability company defendant." *Id*. (citing *Krause v.*

3

*Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005); see also *136-61 Roosevelt LLC v. Starbucks Corp.,* No. 21-CV-3560 (BMC), 2021 U.S. Dist. LEXIS 124433, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021) ("if a party to a diversity action is an LLC, the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship").  Where Plaintiff fails to allege the citizenship of each member of the limited liability corporation ("LLC"), dismissal is appropriate.  *See, e.g., H Roller Grp., LLC v. C & S Glob., Inc.,* No. 20-CV-5268 (NGG) (RER), 2021 U.S. Dist. LEXIS 123932, at * 17, 2021 WL 7908034 (E.D.N.Y. July 1, 2021); *Devito Verdi, Inc. v. Legal Sea Foods, Inc.,* 1:21-cv-1007-MKV,  2021 U.S. Dist. LEXIS 78602, 2021 WL 1600088, at *1-2 (S.D.N.Y. Apr. 23, 2021).

Here, Plaintiff was warned that diversity may not be properly alleged, however, despite filing an amended complaint, the deficiencies in the original complaint were not corrected.  In the amended complaint, just as in the original complaint, Plaintiff alleges that "Exact Investments LLC, is a limited liability company formed and organized pursuant to the laws of the State of Missouri, with its principal offices being located at 9325 Pflumm Road, Lenexa, KS 66215."  Amended Complaint ¶ 2.  Plaintiff further alleges that "[t]he general manager for the Plaintiff, Jason Townsend, is a resident of the State of Kansas, who has for the six months prior to the filing of this action resided at 4140 West 147th Terrace, Leewood, KS 66224, and currently resides at 16671 Orchard Lane, Stilwell, KS 66085 since August 2018."  Amended Complaint ¶ 1.  After three motions and despite clear guidance from the Court, Plaintiff has failed to allege any information regarding the identity or citizenship of the members of the LLC.  Accordingly, the undersigned respectfully recommends that Plaintiff's complaint be dismissed for a lack of subject matter jurisdiction.

4

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       May 11, 2023

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge