UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EXACT INVESTMENTS LLC,

                    Plaintiff,

       -against-

PAUL VESNAVER BOTH INDIVIDUALLY
AND AS AN ATTORNEY/PRINCIPAL IN
THE LAW FIRM OF PAUL VESNAVER PC,

                    Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 17-6109 (GRB) (ARL)

**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Brown for the purpose of issuing a report and recommendation with regard to Exact Investments LLC's ("Plaintiff") motion for entry of default judgment. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be granted.

      I. **Background**

      For a detailed discussion of the factual background as set forth by Plaintiff in the complaint please refer to this Court's report and recommendation dated July 18, 2022.

      In summary, on October 19, 2017, Plaintiff brought this action for breach of fiduciary duty and fraud against Paul Vesnaver, and the Law Firm of Paul Vesnaver, PC. (collectively "Defendants"). After Defendants failed to appear in the action, Plaintiff requested a certificate of default on December 19, 2019, which request was granted on December 23, 2019. Following several warnings from Judge Hurley, on September 14, 2020, Plaintiff filed a motion for entry of a default judgment. Plaintiff's motion was procedurally deficient and by report and recommendation dated July 12, 2021, the undersigned recommended that Plaintiff's motion for

default judgment be denied without prejudice because of Plaintiff's failure to provide a memorandum of law or sufficient documentation in support of the motion for default judgment, including support for the request for attorney's fees and costs. Judge Hurley adopted this Court's Report and Recommendation on September 21, 2021.

Plaintiff filed a second motion for default judgment on November 5, 2021, ECF No. 27, which was also referred to the undersigned by Judge Hurley.  By report and recommendation dated July 18, 2022, the undersigned recommended that Plaintiffs' motion for default judgment be denied because Plaintiffs had failed to allege facts supporting their claims for breach of fiduciary duty and fraud ("July Report").  Judge Brown adopted the report and recommendation on August 6, 2022.  In addition, Judge Brown dismissed the complaint noting that "[t]he complaint is subject to dismissal because the citizenship of the members of the plaintiff LLC are not alleged, raising possible diversity issues."  August 6, 2022 Order.  Plaintiff was directed to file an amended complaint within 14 days.  On August 20, 2022, Plaintiffs filed an Amended Complaint once again asserting claims for breach of fiduciary duty and fraud and adding claims for unjust enrichment, conversion and breach of the escrow agreement.  ECF No. 32.  On December 8, 2022, Plaintiff filed a Third Motion for Default Judgment.  Judge Brown referred the motion for default judgment to the undersigned on December 8, 2022.  By Report and Recommendation dated May 11, 2023 this Court recommended that Plaintiff's complaint be dismissed for a lack of subject matter jurisdiction because despite clear guidance from the Court, Plaintiff failed to allege any information regarding the identity or citizenship of the members of the LLC.  In an objection to the report and recommendation filed on May 25, 2023, Plaintiff acknowledged the pleading deficiency and sought permission to file Second Amended Complaint containing a paragraph with regard to the residence of Plaintiff's members, W. Jason

Townshend and Kristine B. Townshend.  ECF No. 36.  On June 20, 2023, Judge Brown adopted Plaintiff's Second Amended Complaint as the operative pleading, deemed this Court's prior report and recommendation withdrawn and re-referred the motion for default judgment.

## DISCUSSION

### I. Legal Standard Governing Default Judgments

As set forth in the July Report, Federal Rule of Civil Procedure ("Rule") 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp*., No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).  Conclusory allegations cannot establish that the defaulting party is liable as a matter of law. *See E.A. Sween Co., Inc. v.A&M Deli Express Inc.,* 787 F. App'x 780, 782 (2d Cir. 2019) (summary order) ("A defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions.").

A default also "effectively constitutes an admission that the damages were proximately

caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). With respect to damages, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

II. **Liability**

In the Second Amended Complaint, Plaintiff asserts claims for breach of fiduciary duty, unjust enrichment, conversion, fraud and breach of the escrow agreement. *See* ECF No. 36-3. Plaintiff seeks the same recovery on each of these claims. *See id*. at pages 11-12. While the Court is unconvinced Plaintiff has cured the pleading deficiencies identified in this Court's July Report, the Court notes that when "damages are sought for the same illegal acts under different legal theories," only a "single recovery" ought to be permitted. *Wickham Contracting Co., Inc. v. Board of Educ. of City of New York,* 715 F.2d 21, 28 (2d Cir. 1983). Since, as discussed below, Plaintiff has adequately alleged a claim for conversion, and the same remedy is sought for each of Plaintiff's claims, the causes of action asserted in Plaintiff's Second Amended Complaint other than the claim for conversion have not been considered.

As noted, in the Second Amended Complaint, Plaintiff has asserted a claim for conversion. ECF No 36-3 at 9. "To state a claim for conversion, a plaintiff must establish (1) legal ownership of a specific, identifiable piece of property; and (2) the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights." *Martiny v. Introcaso-Allison*, No. 17-CV-09559, 2019 U.S. Dist. LEXIS 162694 *6, 2019 WL 4593613, at *2 (S.D.N.Y. Sept. 23, 2019). If the original possession of the property is lawful, "a plaintiff must make a demand for the allegedly converted property and the possessor must refuse."

*Bandler v. BPCM NYC, Ltd.,* No. 12 Civ. 3512(PGG), 2014 U.S. Dist. LEXIS 137381, 2014 WL 5038407, at *12 (S.D.N.Y. Sept. 29, 2014). Moreover, "to establish a cause of action for conversion of money, the moneys alleged to have been converted by defendant must be specifically identifiable." *Interior by Mussa, Ltd. v. Town of Huntington*, 174 Misc. 2d 308, 310, 664 N.Y.S.2d 970 (2d Dept. 1997).

Plaintiff has satisfied each of the elements of a claim of conversion. Plaintiff alleges he placed $1,465,000 in an escrow account maintained by Defendants. ECF No. 36-3 at ¶45. Where the money has been placed in an escrow account for use for a particular purpose the money is identifiable. *See Busrel Inc. v. Dotton,* No. 1:20-cv-01767, 2023 U.S. Dist. LEXIS 6883, 2023 WL 177265 (W.D.N.Y. Jan. 13, 2023) (money transferred to an escrow account can provide the basis for an action in conversion); *Quintero v. Wells Fargo Bank N.A.,* 17-cv-03932, 2018 U.S. Dist. LEXIS 177882, 2018 WL 6437548, at *3 (E.D.N.Y. Oct. 15, 2018) ("A specific, identifiable fund may be the object of conversion if it has been set aside for a particular purpose"); *R.B. Dev. Co., Ltd. v. Tutis Cap. LLC,* No. 12-cv-1460, 2015 U.S. Dist. LEXIS 177275, 2015 WL 10567830, at * 6 (E.D.N.Y. Nov. 6, 2015), report and recommendation adopted, 2016 U.S. Dist. LEXIS 41137, 2016 WL 1271033 (E.D.N.Y. Mar. 29, 2016) (money "was placed in an escrow account to be used for a particular purpose, and the fee was as a result traceable and specifically identifiable; therefore, the collateralization fee is specific property capable of being converted"). Plaintiff has demanded return of the funds and the funds have not been returned. ECF No. 36-3 at ¶46. Accordingly, the undersigned respectfully recommends that Judge Brown grant Plaintiff's motion for default judgment on his claim of conversion.

**II.     Damages**

"While a party's default is deemed to constitute concession of all well-pleaded allegations of liability, it is not considered an admission of damages. . . . Therefore, once a party's default as to liability is established, a plaintiff still must prove damages." *Joseph v. HDMJ Rest., Inc.,* 970 F. Supp. 2d 131, 149 (E.D.N.Y. 2013).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.  An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted).  Here, the documentary evidence submitted by Plaintiff provides the basis for an award.  *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

Under New York law, compensatory damages for conversion are "'limited to the value of the property at the time and place of seizure plus interest.'" *STMicroelectronics v. Credit Suisse Grp.*, No. 8-CV-3201 (RJD) (RML), 2011 U.S. Dist. LEXIS 165350, 2011 WL 13295119, at *1 (E.D.N.Y. May 11, 2011) (quoting *East Coast Novelty Co., Inc. v. City of New York*, 842 F. Supp. 117, 124 (S.D.N.Y. 1994)); *see also Andrews v. 27 Red Music Publ'g, LLC*, No. 15-CV-7544 (AJN), 2021 U.S. Dist. LEXIS 182686, at *3, 2021 WL 4392050 (S.D.N.Y. Sept. 24, 2021) ("Damages for conversion are measured by the value of the property at the time of conversion, plus interest").  "Interest shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b).  "District courts are afforded 'wide discretion' in determining a reasonable intermediate date from which to calculate prejudgment interest." *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 577 F. App'x 58, 61 (2d Cir. 2014) (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d. Cir. 1994)).

Plaintiff has failed to provide the Court with proof with respect to the date from which to calculate interest.  "Interest is 'computed from the earliest ascertainable date the cause of action

6

existed.'" *Zhongshan Tandem Plastic Prods. Co. v. Straightline Capital, LLC*, No. 21-CV-2321 (JPO), 2022 U.S. Dist. LEXIS 94070, 2022 WL 1658514 (S.D.N.Y. May 25, 2022) (quoting N.Y. C.P.L.R. § 5001). "Where, as in a deposit, the 'original possession [of property] is lawful, a conversion does not occur until after a demand and refusal to return the property.'" *Id*. (quoting *Wells Fargo Bank, N.A.*, 577 F. App'x at 61). Here, Plaintiff alleges that "Defendants have withheld these funds despite Plaintiff's demand for their return." ECF No. 36-3 at ¶53. However, no date for the demand is alleged. Indeed, Plaintiff's Second Amended Complaint refers to Exhibits which are not attached to the filing. A review of the exhibits attached to Plaintiff's original Amended Complaint, which has been superseded by the filing of the Second Amended Complaint, do not establish a clear date of the demand for repayment. Thus, in its discretion, the Court will use the date Plaintiff learned of Defendant Paul Vesnaver's surrender of his license to practice law, November 1, 2016, as the date by which Plaintiff learned a cause of action existed. ECF No. 36-3 at ¶27. Thus, interest shall be awarded from November 1, 2016.

    Plaintiff has also failed to provide any proof with respect to the amount of interest sought. The statutory interest rate for conversion actions under New York law is 9% per annum. *See Wells Fargo Bank,* 577 F. App'x at 61 (citing N.Y. C.P.L.R. §§ 5001(a), 5004). Accordingly, interest shall be awarded at the rate of 9% per annum. The undersigned, therefore, recommends that Plaintiff be awarded $1,465,000, with prejudgment interest at 9% per annum from November 1, 2016 through the date of judgment.

    Finally, Plaintiff seeks costs and expenses, however, no proof of either has been provided. "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F.Supp.2d 177, 189 (E.D.N.Y.2009) (citing *Greyhound,* 973 F.2d at 158). Plaintiff's "failure to provide competent evidence to establish the

7

costs incurred in prosecuting this action . . . do not warrant the court in awarding the plaintiffs the costs they incurred in prosecuting this action." *House v. Kent Worldwide Mach. Works, Inc.*, 02 Civ. 2810 (RMB)(KNF), 2008 U.S. Dist. LEXIS 67051 (S.D.N.Y. Aug. 27, 2008).  In light of Plaintiff's failure to provide any proof of costs, the undersigned respectfully recommends that Plaintiff be required to submit proof specifying the amount of costs and expenses it seeks to have awarded, as well as proof to support the claimed costs, before an award of costs can be entered.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for Plaintiff shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
       June 21, 2023                                             _____/s/_____
                                                                             ARLENE R. LINDSAY
                                                                             United States Magistrate Judge